Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00135 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. B-175-26 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

# SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2026.

**I.**

El señor Eliezer Santana Báez (señor Santana Báez o recurrente), quien se encuentra privado de su libertad bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó, por derecho propio e *in forma pauperis,* una *Petición de Revisión Judicial,*[1] en la que nos solicitó que revocáramos la *Respuesta* emitida por el DCR el 27 de enero de 2026, notificada el 2 de febrero de 2026, acogida la reconsideración el 23 de febrero de 2026.[2] El DRC decretó la desestimación de la solicitud de remedio administrativo por falta de jurisdicción, posteriormente acogió la solicitud de reconsideración del recurrente.

Junto al recurso, presentó una *Solicitud para declaración de indigencia* (Formulario OAT 1480) para que le eximamos del pago de aranceles.[3]

---

[1] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Íd., entrada núm. 3 del apéndice de la entrada núm. 1 del expediente digital del caso.
[3] Íd., entrada núm. 2.

El 26 de marzo de 2026, emitimos una *Resolución* en la que autorizamos al señor Santana Báez a litigar *in forma pauperis* y por derecho propio. Consecuentemente, le concedimos al Procurador General hasta el 14 de abril de 2026 para presentar su alegato en oposición.[4]

El 14 de abril de 2026, el DCR presentó una *Solicitud de Desestimación* en la cual planteó falta de jurisdicción de este Tribunal para revisar la determinación recurrida.[5]

El 15 de abril de 2026, emitimos una *Resolución* en la que le concedimos al recurrente un plazo para exponer su posición a la moción de desestimación.[6]

En cumplimiento de orden, el señor Santana Báez presentó una *Réplica a Solicitud de Desestimación*.[7]

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y pormenorizamos los hechos procesales atinentes al recurso.

**II.**

Surge del recurso que, el 14 de enero de 2026, el señor Santana Báez presentó una *Solicitud de Remedio Administrativo* ante el DCR.[8] En resumen, alegó que, durante el periodo del 17 de marzo al 31 de diciembre de 2025, le redujeron el tiempo de recreación de dos (2) horas a una (1) hora, aproximadamente, sin justificación alguna.

El 27 de enero de 2026, el DCR emitió la *Respuesta al miembro de la población correccional*.[9] Mediante esta, notificó la desestimación de la solicitud de remedio administrativo por el incumplimiento con los términos reglamentarios. Aludió a que, de

---

[4] Íd., entrada núm. 3.
[5] Íd., entrada núm. 4.
[6] Íd., entrada núm. 5.
[7] Íd., entrada núm. 8.
[8] Íd., entrada núm. 3 del apéndice de la entrada núm. 1, pág. 2.
[9] Íd., pág. 1.

conformidad con el reglamento concerniente, el miembro de la población correccional tendrá quince (15) días calendario para radicar la solicitud, contados a partir de advenir en conocimiento de los hechos que la motivan.

Inconforme, el 3 de febrero de 2026, el recurrente presentó una *Solicitud de Reconsideración.*[10] Arguyó que cumplió con presentar la solicitud dentro de los términos reglamentarios pero que, toda vez que fue trasladado a otra institución correccional, dicha presentación se retrasó.

El 10 de marzo de 2026, el recurrente recibió la *Respuesta de Reconsideración al miembro de la población correccional.*[11] El DCR le notificó que acogió la petición de reconsideración. En esta, le apercibió al señor Santana Báez de que el Coordinador tendría treinta (30) días laborables para emitir la resolución de reconsideración, a partir de que el confinado recibiera la notificación de la respuesta a la solicitud de reconsideración.

Fechada el 19 de marzo de 2026 y recibida en la Secretaría de este Tribunal el 24 de marzo de 2026, sin que el DCR haya emitido una Resolución de Reconsideración, el recurrente presentó la *Petición de Revisión Judicial* de epígrafe en la que formuló el siguiente señalamiento de error:

> **Erró el DCR al desestimar la reclamación del recurrente sin darle consideración alguna a un asunto en el que poseía jurisdicción para atender el caso a la luz de su propio reglamento.**

Alegó que, tan pronto llegó a la otra institución correccional y dentro de los quince (15) días de ocurridos los hechos que motivaron su reclamo, el 14 de enero de 2026, presentó la solicitud de remedio administrativo. Sin embargo, aludió a que la misma fue recogida el 23 de enero de 2026. Así las cosas, arguyó que, la tardanza no se

---

[10] Íd., pág. 3.
[11] Íd., entrada núm. 2 del apéndice de la entrada núm. 1.

debe a él sino a las personas encargadas de recogerlo por lo que impugna la determinación de desestimación del DCR. Ahora bien, arguyó que, radicó el presente recurso de revisión judicial dado que el DCR no acogió la solicitud de reconsideración dentro del término reglamentario de quince (15) días.

Por otra parte, el DRC presentó una solicitud de desestimación al recurso por falta de jurisdicción. Arguyó que, a pesar de que el DCR acogió la moción de reconsideración dieciocho (18) días después de que fue presentada, lo hizo antes de que el señor Santana Báez presentara el recurso de revisión judicial ante este Tribunal de Apelaciones. Argumentó que, el DCR mantenía jurisdicción al acoger dicha moción de reconsideración por lo que el recurso resulta prematuro.

Consecuentemente, el recurrente presentó una oposición a la moción de desestimación. Reiteró que, el DCR tenía quince (15) días para acoger la moción de reconsideración sino se entiende rechazada de plano. Por lo que, sostuvo que, transcurrido dicho plazo, comienza el término de treinta (30) días para presentar el recurso de revisión judicial. Arguyó que, actuó conforme a la ley por lo que insistió en que presentó el recurso conforme a derecho. Así las cosas, suplicó que revoquemos la determinación recurrida.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. *FCPR v. ELA et al.*, pág.

530. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. Íd. Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. **Mun. de San Sebastián v. QMC Telecom,** 190 DPR 652, 660 (2014).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. **Pueblo v. Ríos Nieves**, 209 DPR 264, 274 (2022); **Torres Martínez v. Torres Ghigliotty**, 175 DPR 83, 97 (2008). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. **Rodríguez v. Zegarra**, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.

**B.**

De otra parte, La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.* (LPAU) dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. **Simpson, Passalacqua v. Quirós, Betances**, 214 DPR 370, 378 (2024). Específicamente, la Sección 4.2 de la LPAU, *supra,* sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (LPAU, *supra,* sec. 9655), cuando el término para solicitar la revisión judicial haya sido

interrumpido mediante la presentación oportuna de una moción de reconsideración.

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración. Sección 3.15, LPAU, *supra*, sec. 9655. La agencia tendrá quince (15) días para consideraría. Si la rechaza de plano o no actúa dentro de los quince (15) días, el término para solicitar revisión comenzará a de cursar nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Íd. Si tomara alguna determinación, el término para solicitar revisión empezará a de cursar desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración, la cual deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Íd.

Ahora bien, una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sección 3.15, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro. ***Flores Concepción v. Taino Motors***, 168 DPR 504, 522 (2006).

### C.

La División de Remedios Administrativos del DCR se estableció con el propósito principal de proveerles a los miembros de la población correccional un organismo administrativo al cual puedan recurrir, en primera instancia, mediante una solicitud de remedio. A tenor con dicho fin, el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros*

*de la Población Correccional del DCR,* Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583), establece el procedimiento para atender las solicitudes de remedios presentadas por las personas recluidas en las instituciones correccionales de Puerto Rico, que se atenderán ante la División de Remedios Administrativos.

La División de Remedios Administrativos del DCR posee jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional sobre cualquier incidente o reclamación comprendida bajo las disposiciones del reglamento. Regla VI del Reglamento Núm. 8583, pág. 13. Una solicitud de remedio es un recurso que presenta un miembro de la población correccional por escrito sobre una situación que afecta su calidad de vida y seguridad relacionado con su confinamiento. Regla IV (24) del Reglamento Núm. 8583, pág. 10. Para instar la solicitud, el confinado tiene quince (15) días, contados a partir de que conoce los hechos que motivan la solicitud. Regla XII del Reglamento Núm. 8583, pág. 24.

En cuanto a la revisión de las respuestas a las solicitudes de remedio administrativo, la Regla XIV del Reglamento Núm. 8583, dispone que:

> 1. Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta. Íd., pág. 30

El Evaluador del caso remitirá inmediatamente la solicitud de reconsideración y el expediente al Coordinador para su evaluación. Íd. El Coordinador emitirá la respuesta de reconsideración de conformidad al procedimiento establecido en la Regla XIV del Reglamento Núm. 8583.

Con relación a la revisión judicial, la Regla XV del Reglamento Núm. 8583, establece que:

1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma. Íd., pág. 32.

**IV.**

En el presente caso, el recurrente alega que el DCR incidió al desestimar la solicitud de remedio administrativo toda vez que la presentó dentro del término reglamentario, a partir de advenir en conocimiento de los hechos que lo motivaron. Aduce que erró el DCR al desestimar la reclamación sin considerar que poseía jurisdicción para atenderla conforme a su propio reglamento.

Nótese que, el señor Santana Báez alude a que presentó el recurso de epígrafe dado que el DCR, aunque acogió la moción de reconsideración, lo hizo pasados los quince (15) días establecidos en la LPAU, *supra*. Por ello, sostiene que acudió ante este Tribunal de Apelaciones, conforme al derecho que le asiste para solicitar revisión judicial.

De otra parte, el DCR solicitó la desestimación del recurso de revisión judicial bajo el planteamiento de falta de jurisdicción por prematuro. Alega que, a pesar de que la División de Remedios Administrativos acogió la moción de reconsideración pasados los quince (15) días, lo hizo antes de que el recurrente instara su petición de revisión judicial y dentro del término para que el señor Santana Báez tenía para hacerlo.

Como cuestión de umbral, se atiende el planteamiento de jurisdicción. Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz del Reglamento del Tribunal de Apelaciones, *In*

*Re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42., 215 DPR _ (2025)*, resolvemos que debemos desestimar el recurso. La Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (B) (1) pág. 116, nos permite desestimar un recurso cuando carecemos de jurisdicción.

Conforme al derecho pormenorizado precedentemente, una agencia tiene quince (15) días desde que se presenta una moción de reconsideración para: 1) acogerla, 2) rechazarla de plano o 3) no actuar sobre ella. Si no actúa dentro de los quince (15) días, comenzará a transcurrir el término para que las partes acudan en revisión judicial. Ahora bien, según resuelto jurisprudencialmente, la agencia puede acoger una moción de desestimación pasado el término establecido para ello, **siempre que no haya vencido el término para presentar el recurso de revisión**. Véase, ***Flores Concepción v. Taíno Motors, Inc.***, supra.

En este caso, el recurrente presentó la moción de reconsideración a la Respuesta el 3 de febrero de 2026 y fue recibida por el funcionario encargado el 9 de febrero de 2026. Ante ese escenario, a tenor con la LPAU, el DCR tenía hasta el 24 de febrero de 2026 para considerarla. Empero, a pesar de que el DCR notificó que acogía la moción de reconsideración el 27 de febrero de 2026, es decir, a los dieciocho (18) días de presentada, ciertamente, lo hizo antes de que el recurrente instara el presente recurso de revisión judicial. El señor Santana Báez recibió la notificación el 10 de marzo de 2026 y **él mismo reconoce que presentó el recurso después de dicha notificación**. Así las cosas, el DCR mantuvo la jurisdicción sobre el asunto ante su consideración por lo que quedó interrumpido el término para solicitar revisión judicial ante este foro apelativo.

En virtud de las normas jurídicas pormenorizadas, procede la desestimación del presente recurso, por prematuro, en esta etapa de los procedimientos.

Adviértase que, el carácter de las partes que comparecen por derecho propio no justifica el incumplimiento con las reglas procesales. Véase, **Febles v. Romar**, 159 DPR 714, 722 (2003).

**V.**

Por los fundamentos expuestos, se *desestima* el recurso de revisión judicial.

**Notifíquese al confinado, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta Sentencia al confinado, en cualquier institución donde este se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones